**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

GURJIT SINGH,

      Petitioner,

  v.

PAMELA BONDI, Attorney General,

      Respondent.

No. 24-2612

Agency No.
A095-798-582

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 19, 2025
San Francisco, California

Before: FRIEDLAND, BRESS, and MENDOZA, Circuit Judges.
Dissent by Judge BRESS.

     Petitioner Gurjit Singh, native and citizen of India, seeks review of the

Board of Immigration Appeals ("BIA") order denying his motion to reopen

removal proceedings on the basis of changed country conditions.  We review the

BIA's denial of a motion to reopen for abuse of discretion and "defer[] to the

BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

law." *Reyes-Corado v. Garland*, 76 F.4th 1256, 1259-60 (9th Cir. 2023) (alteration in original) (quoting *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010)). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand to the BIA for further proceedings consistent with this decision.

The "changed country conditions" exception permits an otherwise time-barred motion to reopen when the petitioner can, *inter alia*, produce material evidence that country conditions have changed. *See Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017) (describing the requirements for motions to reopen based on changed country conditions). New evidence is material when it "rebuts the agency's finding that provided the basis for denying relief previously." *Reyes-Corado*, 76 F.4th at 1263 (cleaned up) (quotation marks omitted).

The BIA abused its discretion by failing to consider that Singh had established a presumption of a well-founded fear of persecution in his prior removal proceeding. *See Ali v. Holder*, 637 F.3d 1025, 1032 (9th Cir. 2011) (holding that BIA erred in deciding materiality of new evidence without considering that petitioner had already established a presumption of a well-founded fear). In Singh's original removal proceeding, the agency found that Singh was entitled to a presumption of a well-founded fear of persecution based on his evidence of past persecution, but that the presumption was rebutted by evidence that showed Singh could avoid future persecution by relocating within India. In

reviewing Singh's motion to reopen, the BIA should have evaluated whether the new evidence showed that Singh could no longer safely relocate and thereby undermined the basis of the agency's earlier decision.[1]

Singh's motion to reopen submitted evidence of new national policies of repression of Sikh advocates for a separate Sikh state.  Because the BIA did not consider whether that new evidence could rebut the agency's previous finding that Singh could avoid persecution by relocating within India, it abused its discretion. We therefore remand to the BIA for reconsideration of the motion to reopen Singh's applications for asylum and withholding of removal.

**PETITION GRANTED; REMANDED.**

---

[1] Unlike the dissent, we conclude that Singh adequately raised this issue. Singh's motion to reopen emphasized the new policies targeting Sikh state activists nationwide, and it explained that, because those policies came from the national government, "Singh could not avoid persecution by simply relocating to another part of India."  Although Singh's opening brief in our court did not present a clearly articulated argument that the BIA erred in failing to consider Singh's ability to relocate, it did argue that the BIA failed to consider the new evidence about the national government's repression of Sikh state activists, including outside of Punjab.  And Singh elaborated on that theory at oral argument by arguing that the BIA should have taken into account that Singh had already established a presumption of a well-founded fear and that the BIA should have evaluated whether there were changed country conditions affecting Singh's ability to relocate.

*Singh v. Bondi*, 24-2612

BRESS, Circuit Judge, dissenting:

I would deny the petition because the BIA did not abuse its discretion in denying Singh's untimely motion to reopen after finding that Singh's new evidence was not material to his claims for asylum and withholding of removal.

The majority faults the BIA for not addressing whether Singh's new evidence undermined the agency's prior determination that Singh could safely relocate in India. But Singh's motion to reopen before the BIA mentioned relocation once, in passing. Singh's opening brief in this court seemingly does not frame the argument in this way at all (and Singh did not file a reply brief). The majority itself thus acknowledges that Singh's briefing "did not present a clearly articulated argument" on this score. And that Singh attempted to raise the point at oral argument is insufficient. *See, e.g.*, *Sanders v. City of Pittsburg*, 14 F.4th 968, 973 n.2 (9th Cir. 2021) ("Arguments raised for the first time at oral argument are generally waived." (quoting *Wood v. Hall*, 130 F.3d 373, 377 (9th Cir. 1997))).

To the extent Singh connected his motion to reopen to the agency's prior relocation finding, he did so on the theory that the political environment for Sikhs in India had deteriorated at the national level in the time since the agency had denied Singh relief. The BIA met this argument on its own terms, explaining that the new evidence of persecution of Sikh state separatists within and outside of India was not

1

material because country condition reports indicate that "the repression of Sikh state activists in India has been occurring for many decades."

The record supports the BIA's determination, and the majority does not find otherwise. I would not say the BIA failed to address an argument when it responded to the argument that Singh presented in his motion to reopen.